JAMES H. KELLY, PROSECUTOR, PLAINTIFF IN ERROR,
v. BOARD OF POLICE COMMISSIONERS OF JERSEY
CITY, DEFENDANT IN ERROR.

Argued June 17, 1913—Decided October 2, 1913.

On error to the Supreme Court, in which court the follow-
ing *per curiam* was filed:

This is a writ of *certiorari* to review the action of the
board of police commissioners of Jersey City in the trial
and conviction of James H. Kelly, a captain of police, of
neglect of duty and misconduct in office in violating the police
rules, and his reduction in rank as a penalty.

The case has abundance of evidence to support such find-
ing. The existence of the evil was fully proved and there was
evidence to show that during the period of prosecutor's re-
ports to the contrary, the vice was existing and that he had
been notified or warned of that fact.

While it is the duty of this court under an existing statute
(*Pamph. L.* 1907, *p.* 95) to consider and weigh the evidence
and has done so, yet we find nothing to disturb the result
reached by the police board. Our conclusion is that the con-
viction was legally made and should be affirmed.

For the plaintiff in error, *Merritt Lane.*

For the defendant in error, *James J. Murphy.*

PER CURIAM.

Prosecutor was found guilty on charges of dereliction in
duty after a lengthy hearing before the board of police com-
missioners, and punished by reduction in rank as a police
officer. On a review of the conviction before the Supreme
Court on *certiorari,* that court examined the whole evidence
and decided that the conviction was justified by the weight of

evidence. The case has again been argued before this court as though a review could again be had on weight of evidence, but under the well-settled rule this court will not examine into a finding of fact by the Supreme Court farther than to ascertain whether there is any legal evidence to support it. Our examination satisfies us that there was ample evidence for the board and the Supreme Court to base their findings upon; and we find no prejudicial error in the admission or rejection of evidence or in other rulings by the trial body.

The judgment of the Supreme Court will be affirmed.

*For    affirmance*—THE    CHIEF    JUSTICE,    TRENCHARD, PARKER, MINTURN, KALISCH, VREDENBURGH, CONGDON, WHITE, HEPPENHEIMER, JJ.    9.

*For reversal*—None.